IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LUIS ENRIQUE RIVERA,<br>TDCJ-CID No. 1740191,<br><br>    Plaintiff,<br><br>v.<br><br>ADAM R. GONZALEZ, ET AL.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:22-CV-209-Z-BR |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS**

Plaintiff, Luis Enrique Rivera, has filed an amended complaint naming Warden Adam R. Gonzalez, Assistant Warden Teresa S. Martinez, Assistant Warden Nicholas C. Martin, Major Thomas L. Stevens, and Fernando Martinez as Defendants. He says that each Defendant "failed to relief [sic] my copyright name." (ECF 6 at 3). His sole explanation is that "[t]hey failed to address my Step 1 grievance, claiming that the issue is NOT grievable. Defendants have repeatedly violated my 'trademark status.'" (*Id.* at 4). In the "relief" section, he says that he is requesting release of his "copyright name," noting that "this agency (wardens) has me kidnapped without authority, requesting my release." (*Id.*) Attached to the amended complaint is a Step 1 offender grievance form that refers to Plaintiff's "Tradename/Trademark" and is largely unintelligible.

In a case filed *in forma pauperis*, and in a case filed by a prisoner regardless of whether he is proceeding *in forma pauperis*, the Court is required to dismiss the complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) &

1915A(b). It is apparent from Plaintiff's filings that his amended complaint should be dismissed *sua sponte* as his claims are based on meritless legal theories and clearly lack any basis in fact. *Denton v.* Hernandez, 504 U.S. 25, 31 (1992). Plaintiff's claims describe "fantastic or delusional scenarios" that "rise to the level of the irrational or wholly incredible." *Id.* at 32–33. No purpose would be served by allowing Plaintiff to amend his complaint again.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the claims of plaintiff, Luis Enrique Rivera, be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on March 31, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).